**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1926
_____

JEFFREY KENGERSKI

v.

ORLANDO L. HARPER, Warden;
COUNTY OF ALLEGHENY

County of Allegheny,
                                        Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:17-cv-01048)
District Judge: Honorable Nicholas Ranjan

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 23, 2024

Before: KRAUSE, BIBAS, and AMBRO, *Circuit Judges*.

(Filed: October 7, 2024)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

KRAUSE, *Circuit Judge*.

Appellant Allegheny County (the "County") raises two challenges to the jury verdict in favor of its former employee, Jeffery Kengerski, on his retaliation claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a). Unpersuaded, we will affirm.

## I. DISCUSSION[1]

The County contends that there was insufficient evidence for the jury to find for Kengerski and that the District Court erred in admitting certain categories of evidence. Neither argument withstands scrutiny.

To begin, we cannot consider the County's sufficiency argument because the County failed to preserve the issue for appeal by filing a renewed Rule 50(b) motion at the conclusion of trial, *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 400–01 (2006), and *Dupree v. Younger* confirmed that, while "a post-trial motion under Rule 50 is not required to preserve for appellate review a purely legal issue resolved at summary judgment," a challenge to the sufficiency of the evidence in the trial record still "must [be] raise[d] . . . [in] a post-trial motion to preserve it for appeal" because "factual challenges based on the trial record [] cal[l] for the judgment in the first instance of the judge who saw and heard the witnesses and has the feel of the case which no appellate printed transcript can impart." 143 S. Ct. 1382, 1389 (2023) (final alteration in original). The County's contention that the case should never have gone to trial in the first place

---

[1] The District Court had jurisdiction under 20 U.S.C. §§ 1415(i)(2)(A), (3)(A), and we have jurisdiction under 28 U.S.C. § 1291.

because there was not "sufficien[t] [] evidence necessary to allow the question of causation to go to a jury," Opening Br. 22, is beside the point. As *Dupree* reaffirmed, a defendant's challenge to the sufficiency of the evidence at summary judgment becomes moot once the case has been submitted to the jury. 143 S. Ct. at 1389 (citing *Ortiz v. Jordan*, 562 U.S. 180, 184 (2011)).

The County's related argument, that its renewed motion for mistrial preserved its sufficiency arguments, fares no better. The County's motion renewed its objections regarding the propriety of Kengerski's counsel's opening statement, which it claims was not borne out in the record and was, therefore, unduly prejudicial to the jury. The Rule 59 motion, however, cannot fairly be characterized as arguing the jury verdict was not supported by the evidence. The County points to the portion of the District Court's opinion denying the motion that observes that "Defendant's allegations more reasonably go to disagreements with the jury's conclusions as a matter of the sufficiency of the evidence." Supp. App. 180. However, read in context, that passage only points out the disparity between the argument the County did make as to counsel's opening and the argument that it could have, but did not make, as to the jury verdict.

Next, the County challenges four of the District Court's evidentiary rulings. We "afford broad discretion to a district court's evidentiary rulings," and none constitutes reversible error. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008).

First, the County argues there was no evidence Warden Orlando Harper, who made the termination decision, knew of problematic behavior directed at Kengerski by other employees, so that behavior was irrelevant and should not have been admitted

3

under Federal Rules of Evidence 401 and 403.  But there was, in fact, circumstantial evidence of Harper's knowledge, *see, e.g.*, App. 685–86, 741, 791–92, so it was reasonable for the Court to admit it.  "[D]irect evidence is not required."  *Araujo v. N.J. Transit Rail Operations, Inc.*, 708 F.3d 152, 161 (3d Cir. 2013) (citing *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 100 (2003)).

Second, the County contends that the Court erred in admitting, for a limited purpose, evidence related to an earlier-dismissed "failure to promote" claim.  Before trial, the District Court determined that certain evidence related to that claim was independently relevant to the retaliation claim but barred Kengerski from "introduc[ing] evidence as to the actual hiring/promotion decision."  Dist. Ct. ECF 169.  The County complains that, at trial, Kengerski testified about two failed promotion attempts that predated the protected conduct.  But even assuming the testimony exceeded the District Court's limitation, the Court cured any error by instructing the jury on the purpose and relevance of promotion-related testimony, and "we presume that jurors follow the instructions given to them by the trial court," *Robinson v. First State Cmty. Action Agency*, 920 F.3d 182, 191 (3d Cir. 2019).

Third, the County objects to two categories of comparator evidence: (1) evidence that Harper's investigation of Kengerski was atypical, and (2) evidence that similarly situated comparators were treated differently from Kengerski.  Yet the District Court did not abuse its discretion in admitting the first category—deviation from typical investigatory methods—because such evidence may be probative of Harper's retaliatory intent, and thus falls within the broad spectrum of evidence relevant to a retaliation claim.

4

*See Canada v. Samuel Grossi & Sons, Inc.*, 49 F.4th 340, 347–49 (3d Cir. 2022); *Daniels v. Sch. Dist.*, 776 F.3d 181, 196 (3d Cir. 2015).  Nor did the District Court abuse its discretion in determining that the differently treated employees were sufficiently similar for Kengerski to propose to the jury as comparators.  The Court's explanation may have been brief, but it was sufficient to perform its gatekeeping role and consistent with the maxim that "[t]he question of whether employees are similarly situated in order to show pretext ordinarily presents a question of fact for the jury."  *Wheeler v. Georgetown Univ. Hosp.*, 812 F.3d 1109, 1115 (D.C. Cir. 2016) (internal quotation marks omitted).

In short, "we will not disturb a trial court's exercise of discretion unless no reasonable person would adopt the district court's view," *United States v. Bailey*, 840 F.3d 99, 125 n.118 (3d Cir. 2016) (quoting *United States v. Starnes*, 583 F.3d 196, 214 (3d Cir. 2009)), and, even then, the error must be prejudicial, Fed. R. Civ. P. 61.  The County's claims of error do not clear those hurdles, so the District Court's evidentiary rulings do not entitle the County to relief.

## II.     CONCLUSION

For the foregoing reasons, we will affirm the judgment of the District Court.